# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRELL SAVAGE** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | **NO. 20-0056** |
| **v.** | : | |
| | : | |
| **KEVIN RANSOM,** *et al.* | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 2nd day of November 2020, upon consideration of the petition for writ of *habeas corpus* ("Petition") filed by Derrell Savage ("Petitioner") pursuant to 28 U.S.C. § 2254, [ECF 1], Respondents' response in opposition, [ECF 7], the state court record, the Report and Recommendation ("R&R") submitted by the Honorable Marilyn Heffley, United States Magistrate Judge ("the Magistrate Judge"), which recommended the Petition be denied, [ECF 8], and Petitioner's objections to the R&R, [ECF 10], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1.      The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.      The objections to the R&R are without merit and **OVERRULED**;[1]

---

[1]    Petitioner was convicted by a jury of first-degree murder and criminal conspiracy and was, subsequently, sentenced to concurrent terms of life imprisonment without the possibility of parole and twenty to forty years' imprisonment.  In his timely, counseled *habeas corpus* Petition, Petitioner challenges his conviction and sentence arguing that his trial counsel's assistance was ineffective when he (1) failed to call Petitioner's father as a witness at the pretrial suppression hearing for the purpose of establishing that Petitioner had not voluntarily presented himself to homicide detectives, and (2) failed to again pursue suppression at trial upon hearing the officer's trial testimony of his arrest.  Petitioner further argues that although the Pennsylvania courts correctly identified *Strickland v. Washington,* 466 U.S. 668 (1984), as the controlling law for an ineffective assistance of counsel claim, the state courts' application of the *Strickland* standard was unreasonable.  In the R&R, the Magistrate Judge addressed and rejected each of Petitioner's aforementioned arguments, finding that trial counsel was not ineffective and that the Pennsylvania courts reasonably applied *Strickland*.

In his objections to the R&R, Petitioner argues that the Magistrate Judge erred in concluding (1) that his ineffectiveness of counsel claims lacked merit and (2) the Pennsylvania courts reasonably applied

*Strickland*.  Petitioner again argues that but for his trial counsel's error, Petitioner would have presented testimony establishing that his confession resulted from a false arrest, and that his confession would have been suppressed, thus, creating a reasonable probability that the outcome of his trial would have been different.  Essentially, Petitioner contends that both the Pennsylvania courts and the Magistrate Judge "conflated the burden of establishing a reasonable probability with the burden of absolute certainty,"  [ECF 10 at 6], "relitigated [the] motion to suppress with the inappropriate effects of hindsight" in concluding that the motion to suppress would have been denied, [*id.* at 7], and "neglected to consider how the entirety of the suppression hearing and trial would have likely changed had trial counsel been effective and presented [Petitioner's father's] testimony."  [*Id.* at 8].  With the exception of including the Magistrate Judge in the fray, these arguments are largely duplicative of the arguments Petitioner presented in his Petition, arguments that the Magistrate Judge considered and rejected.

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R.  *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In conducting its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  28 U.S.C. § 636(b)(1).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7.

Here, this Court finds that the Magistrate Judge correctly concluded that Petitioner's ineffectiveness arguments are without merit.  This Court has reviewed the pertinent portions of the record *de novo,* agrees with the Magistrate Judge's analysis and conclusions, and finds that no error was committed by the Magistrate Judge.  Accordingly, Petitioner's objections are overruled and the R&R is adopted and approved in its entirety.

Nevertheless, when evaluating the effectiveness of trial counsel on *habeas* review, the court must apply the familiar two-prong inquiry articulated in *Strickland*.  466 U.S. 668.  To sustain a claim for ineffective assistance of counsel, a petitioner must show that trial counsel's performance was objectively deficient and that this deficient performance prejudiced the defense.  *Id*. at 687.  Prejudice is defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id*.; *see also Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) ("a petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different.").  If the court finds no prejudice to the defense, the analysis "would be at an end."  *Marshall v. Hendricks*, 307 F.3d 36, 107 (3d Cir. 2002).  As set forth in *Strickland*, "judicial scrutiny of a counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Strickland*, 466 U.S. at 689.  To succeed, "a defendant must overcome the 'presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'"  *Bell v. Cone*, 535 U.S. 685, 698 (2002) (quoting *Strickland*, 466 U.S. at 689).

As noted in the R&R, the Magistrate Judge found that the Pennsylvania courts properly considered the impact that Petitioner's father's testimony would have had on the proceeding.  The courts reasonably concluded that, where *Strickland*'s prejudice prong was not satisfied, there was no reasonable probability of a different outcome at Petitioner's trial because (1) even if his father's testimony established that the arrest was illegal, the resulting confession would not necessarily have been suppressed under *Brown v. Illinois*, 422 U.S. 590, 602 (1975), [ECF 8 at 14-15], and (2) even if his confession was suppressed, the jury also relied  on the testimony of three witnesses, not solely on his own confession, to convict him.  [*Id.* at 16].  Further, the need to "eliminate the distorting effects of hindsight" under *Strickland* refers to the need

3.      Petitioner's petition for a writ of *habeas corpus* is **DENIED**; and

4.      No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

to "evaluate [counsel's] conduct from counsel's perspective at the time," not to the court's need to analyze the merits of the underlying motion to suppress. 466 U.S. at 669; *see also Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The Magistrate Judge found that trial counsel appeared to have made a reasonable, strategic decision not to call Petitioner's father in order to further a theory of the case that emphasized Defendant's cooperation with the police. As noted above, this Court reviewed the pertinent portions of the record *de novo* and concludes that the Magistrate Judge did not err in the analysis of Petitioner's claims. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2]      A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth*,* this Court concludes that there is no probable cause to issue such a certificate because Petitioner has not made a substantial showing of the denial of any constitutional right, nor has Petitioner demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.